UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JIMMY RIBOT,

                              Plaintiff,

      -against-

CITY OF NEW YORK, RAYMOND ALICEA – SHIELD # 434, JAMES GILLESPIE – SHIELD # 7488,

                              Defendants.

**ANSWER TO THE THIRD AMENDED COMPLAINT ON BEHALF OF DEFENDANTS**

14 Civ. 0190 (RWS)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

        Defendants CITY OF NEW YORK, DETECTIVE RAYMOND ALICEA, and DETECTIVE JAMES GILLESPIE (hereinafter referred to collectively as "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Third Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in section "I" of the Third Amended Complaint, and each of its subparts, except admit that plaintiff purports to name the parties as set forth therein.

        2.    Deny the allegations set forth in paragraph "1" of the Third Amended Complaint, and each of its subparts, except admit that plaintiff purports to proceed as set forth therein.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Third Amended Complaint.

        4.    Deny the allegations set forth in paragraph "3" of the Third Amended Complaint, except admit that on or about February 27, 2013, Raymond Alicea and James

Gillespie were employed by the City of New York as Detectives, and that plaintiff purports to bring suit against them as set forth therein.

5. Deny the allegations set forth in paragraph "4" of the Third Amended Complaint, except admit that on or about February 27, 2013, Raymond Alicea and James Gillespie were employed by the City of New York as Detectives, and that plaintiff purports to bring suit against them as set forth therein.

6. Deny the allegations set forth in paragraph "5" of the Third Amended Complaint, except admit The City of New York is a municipal corporation organized under the laws of the State of New York, and that on or about February 27, 2013, Raymond Alicea and James Gillespie were employed by the City of New York as Detectives.

7. Paragraph "6" of the Third Amended Complaint sets forth conclusions of law, rather than averments of fact, and accordingly, requires no response.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Third Amended Complaint

9. Deny the allegations set forth in paragraph "8" of the Third Amended Complaint, except admit that on or about February 27, 2013, plaintiff was arrested on charges of attempted robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree.

10. Deny the allegations set forth in paragraph "9" of the Third Amended Complaint, except admit that on or about February 27, 2015, plaintiff was questioned at the 7th Precinct.

11. Deny the allegations set forth in paragraph "10" of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein regarding whether plaintiff stated his innocence.

12. Deny the allegations set forth in paragraph "11" of the Third Amended Complaint, except deny knowledge or information sufficient to from a belief as to the truth of the allegations set forth therein regarding whether plaintiff was provided with food and/or cigarettes.

13. Deny the allegations set forth in paragraph "12" of the Third Amended Complaint, except admit that plaintiff was identified as a perpetrator in a line-up on or about February 28, 2013.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Third Amended Complaint.

15. Deny the allegations set forth in paragraph "14" of the Third Amended Complaint.

16. Deny the allegations set forth in paragraph "15" of the Third Amended Complaint, except admit that on or about February 27, 2013, plaintiff was arrested on charges of attempted robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree.

17. Deny the allegations set forth in paragraph "16" of the Third Amended Complaint, except admit that on February 28, 2013, plaintiff was identified in a line-up by the complaining witness.

18. Deny the allegations set forth in paragraph "17" of the Third Amended Complaint.

19. Deny the allegations set forth in paragraph "18" of the Third Amended Complaint, except admit that plaintiff was arrested on charges of attempted robbery in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree.

20. Deny the allegations set forth in paragraph "19" of the Third Amended Complaint, except admit that Docket Number 2013NY017337 was dismissed on August 30, 2013.

21. Deny the allegations set forth in paragraph "20" of the Third Amended Complaint.

22. Deny the allegations set forth in paragraph "21" of the Third Amended Complaint.

23. Deny the allegations set forth in paragraph "22" of the Third Amended Complaint.

24. Deny the allegations set forth in paragraph "23" of the Third Amended Complaint and each of its subparts.

25. Deny the allegations set forth in paragraph "24" of the Third Amended Complaint.

26. In response to the allegations set forth in paragraph "25" of the Third Amended Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

27. Deny the allegations set forth in paragraph "26" of the Third Amended Complaint.

28. In response to the allegations set forth in paragraph "27" of the Third Amended Complaint, Defendants repeat and reallege the responses set forth within the preceding paragraphs as though fully set forth herein.

29. Deny the allegations set forth in paragraph "28" of the Third Amended Complaint, except admit that on or about December 11, 2013, the Office of the Comptroller received a document purporting to be a Notice of Claim on plaintiff's behalf.

30. Deny the allegations set forth in paragraph "29" of the Third Amended Complaint, except admit that the claim has not been adjusted or paid.

31. Deny the allegations set forth in paragraph "30" of the Third Amended Complaint, except admit that plaintiff purports to base pendant jurisdiction as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

32. The Third Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

33. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and or the and/or the intervening culpable or negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of any defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

35. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

36. There was reasonable suspicion and/or probable cause for any stop, seizure and/or search.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

37. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

38. At all times relevant to the acts alleged in the Third Amended Complaint, defendant The City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, defendant The City of New York is entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

39. At all times relevant to the acts alleged in the Third Amended Complaint, defendants Raymond Alicea and James Gillespie acted reasonably and in the proper and lawful exercise of their discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

40. Defendants Raymond Alicea and James Gillespie have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

41. Plaintiff failed to mitigate his damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42. Defendants may be entitled to absolute immunity on some or all of plaintiff's claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43. To the extent plaintiff alleges claims under State law, said claims may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44. To the extent plaintiff alleges claims under State law, said claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

45. To the extent plaintiff alleges claims under State law, said claims may be barred in whole or in part by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims may be barred in part or in whole by the doctrines of collateral estoppel and/or res judicata.

**WHEREFORE**, defendants CITY OF NEW YORK, DETECTIVE RAYMOND ALICEA and DETECTIVE JAMES GILLESPIE request judgment dismissing the Third Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 28, 2015

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City, Alicea, and Gillespie*

By: /s/
_____
Daniel H. Oliner
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-209
New York, New York 10007
(212) 356-2329

To: Jimmy Ribot
*Plaintiff pro se*
14-R-2192
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669
(*via first class mail*)