UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

JIMMY RIBOT,

                    Plaintiff,                    14 Civ. 190

        -against-                                 OPINION

CITY OF NEW YORK, RAYMOND ALICEA - SHIELD
#434, JAMES GILLESPIE - SHIELD # 7488,

                    Defendants.

----------------------------------------X

A P P E A R A N C E S:

        Plaintiff *Pro Se*

        Jimmy Ribot
        c/o Clarice Ribot
        589 Amsterdam Avenue, #14A
        New York, NY 10024

        Attorneys for Defendants

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        100 Church Street
        New York, NY 10007
        By:  Daniel Oliner, Esq.

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED. 2 3 17 |

**Sweet, D.J.**

Defendants City of New York, Raymond Alicea, and James Gillespie ("Defendants") moved pursuant to Rule 56, F. R. Civ. P. for summary judgment dismissing the complaint of plaintiff Jimmy Ribot ("Ribot" or the "Plaintiff"). Based upon the findings and conclusions set forth below, Defendants' motion for summary judgment is granted.

**Prior Proceedings**

The *pro se* Plaintiff initiated this civil rights action on December 24, 2013. The Complaint was amended three times, most recently on September 1, 2014. On December 29, 2015, Defendants filed a letter, which the Court treated as a motion for summary judgment in a January 25, 2016 scheduling order. However, on May 13, 2016 the Court denied that motion for summary judgment with leave to renew, finding that compliance with Federal Rule of Civil Procedure 56.1 was appropriate for this case. Defendants filed the instant motion for summary judgment on September 2, 2016. The motion was taken on submission and marked fully submitted on October 20, 2016.

1

**The Facts**

The facts have been set forth in the Defendants' Rule 56.1 statement of material facts and Plaintiff's affidavit in opposition to the motion, which are not in dispute except as noted below.

On June 15, 2012 at approximately 10:55 p.m., two Hispanic males entered the Duane Reade store located at 100 Delancey Street in Manhattan and approached the cash register, pulled out a firearm, and instructed the cashier to give them the money in the register.  When the cashier was unable to do so, the individual carrying the firearm shot once in the direction of the cashier and the two men fled the scene of the crime.  Detectives from the Seventh Precinct investigated this incident, but closed that investigation in September 2012 because all leads had been exhausted.  See Oliner Decl., Exs. D, E, and O.

In February 2013, Detective Alicea interviewed a confidential informant ("Confidential Informant"), who told the Detective that he or she had seen a video of the June 15, 2012 attempted robbery on YouTube and was able to identify the individuals involved in that robbery as Plaintiff and non-party

2

Victor Irizary. Oliner Decl., Ex. O at ¶¶ 3-4. Confidential
Informant provided the basis for that knowledge, and further
informed Detective Alicea that Confidential Informant had
previously made a tip to the Crime Stoppers tip line. Oliner
Decl., Ex. O at ¶¶ 5-6. Detective Alicea later verified that
Confidential Informant had made a tip. After reviewing the
video of the robbery, Detective Alicea found no basis to
discredit Confidential Informant's identifications. Oliner
Decl., Ex. O at ¶ 9. Detective Alicea then activated an I-Card
for Plaintiff. Oliner Decl., Ex. O at ¶ 11.

On February 27, 2013, Plaintiff was detained on the I-
Card, and subsequently arrested at or around 1:45 p.m. Oliner
Decl., Ex. O at ¶ 12; see also Ex. K. On February 28, 2013 the
cashier from the Duane Reade store on the night of the attempted
robbery participated in a line-up and identified Plaintiff as
looking "very familiar," because "he looks like the one that was
holding the gun." Oliner Decl., Ex. M at DEF 4, 6, 8; Ex. O at
¶ 13. The cashier clarified his earlier statements by telling
the detective that "he resembles the one that was holding the
gun." Oliner Decl., Ex. M at DEF 6.

Later on February 28, 2013, Plaintiff was arraigned on
charges of Robbery in the First and Second Degrees in New York

3

County Criminal Court. Oliner Decl., Exs. N, Q. However, on
August 30, 2013 the criminal action against Plaintiff was
dismissed on motion by the District Attorney. Oliner Decl., Ex.
N. Any involvement by Detective Gillespie was to assist
Detective Alicea and was relying on Detective Alicea's knowledge
and representations. Oliner Decl., Ex. P.


**The Applicable Standard**


          Summary judgment is appropriate only where "there is
no genuine issue as to any material fact and . . . the moving
party is entitled to a judgment as a matter of law." Fed. R.
Civ. P. 56(c). A dispute is "genuine" if "the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
(1986). The relevant inquiry on application for summary
judgment is "whether the evidence presents a sufficient
disagreement to require submission to a jury or whether it is so
one-sided that one party must prevail as a matter of law." *Id.*
at 251-52. A court is not charged with weighing the evidence
and determining its truth, but with determining whether there is
a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y.
City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990)
(quoting *Anderson*, 477 U.S. at 249). "[T]he mere existence of

4

some alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine issue of material fact.*"

*Anderson*, 477 U.S. at 247-48 (emphasis in original).


**Defendants' Motion for Summary Judgment on Plaintiff's False Arrest and Imprisonment Claims is Granted Because the Officers Had Probable Cause**


Reading Plaintiff's Third Amended Complaint in the

light most favorable to Plaintiff as a non-moving *pro se* party,

Plaintiff has brought federal civil rights claims for false

arrest, false imprisonment, and malicious prosecution as well as

parallel state law claims that can be adequately addressed by

the analysis of each federal constitutional claim.  Based on the

conclusions of law, Defendants' motion for summary judgment to

dismiss the claim for false arrest is granted.


The elements of a federal claim for false arrest under

42 U.S.C. § 1983 "are substantially the same as the elements of

a false arrest claim under New York law." *Singer v. Fulton*

*Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).  To establish a

claim for false arrest or false imprisonment under New York law,

Plaintiff must establish that:  (1) the Defendants intended to

confine the plaintiff; (2) the Plaintiff was conscious of the

5

confinement; (3) the Plaintiff did not consent to the
confinement; and (4) the confinement was not otherwise
privileged. See *id.* The two torts of false arrest and false
imprisonment have the same elements because "the common law tort
of false arrest is a species of false imprisonment." *Id.* "The
existence of probable cause to arrest constitutes justification
and 'is a complete defense to an action for false arrest.'"
*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting
*Bernard v. U.S.*, 25 F.3d 98, 102 (2d Cir. 1994)); see also
*Singer*, 63 F.3d at 118 ("there can be no federal civil rights
claim for false arrest where the arresting officer had probable
cause").


        The question is whether the Detectives had probable
cause when they arrested the Plaintiff.  Probable cause exists
"when the arresting officer has knowledge or reasonably
trustworthy information sufficient to warrant a person of
reasonable caution in the belief that an offense has been
committed by the person to be arrested." *Singer*, 63 F.3d at 118
(internal citations omitted).  However, the validity of an
arrest does not depend on a guilty conviction; it is irrelevant
whether a suspect is later acquitted in determining whether
there was probable cause at the time of arrest. *Pierson v. Ray*,
386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967);

                                6

*Michigan v. DeFillippo*, 443 U.S. 31, 36, 99 S.Ct. 2627, 61
L.Ed.2d 343 (1979).

"'[A] law enforcement official has probable cause to
arrest if he received his information from some person, normally
the putative victim or eyewitness, unless the circumstances
raise doubt as to the person's veracity . . . an identified
citizen informant is presumed to be reliable.'" *Fabrikant v.
French*, 691 F.3d 193, 216 (2d Cir. 2012) (quoting *Panetta v.
Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)).

As the Supreme Court has held, a district court should
look to the "totality of the circumstances" in deciding whether
probable cause exists to make an arrest. *Illinois v. Gates*, 462
U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see
*Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002).
Plaintiff argues that there was not probable cause because the
Confidential Informant's identification was mistaken.  On the
other hand, Defendants argue that Detective Alicea had probable
cause to arrest Plaintiff on February 27, 2013 because the
Confidential Informant identified Plaintiff, this identification
was corroborated by a publicly available video of the incident,
and Detective Alicea confirmed that Confidential Informant had
previously called in a tip to the Crime Stoppers phone line

7

(which increased the reliability of the tip in the instant case).

The Second Circuit has found that there can be probable cause, even if the suspect was misidentified "so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. U.S.*, 25 F.3d 98, 102 (2d Cir. 1994). In this case we do not know if the Plaintiff was misidentified; we only know that the case was dismissed by the prosecution. Here, there was information from a single confidential informant, which can be sufficient for a finding of probable cause, particularly when it is buttressed by other indicia of reliability. *Bancroft v. City of Mount Vernon*, 672 F.Supp.2d 391, 402 (S.D.N.Y. 2009). While in *Bancroft* police knew the confidential informant had been reliable in the past, here there is no indication about whether the Confidential Informant's previous tip was reliable. However, the Confidential Informant in this case corroborated his identification with a video of the incident that he showed to police. That identification along with the video to substantiate it was sufficient for probable cause in this case.

Defendants' motion for summary judgment dismissing the false arrest and false imprisonment claims is granted because

8

the officers did have probable cause at the time of Plaintiff's arrest.

**Defendants' Motion for Summary Judgment on Plaintiff's Malicious Prosecution Claim is Granted Because the Government Had Probable Cause When It Commenced the Proceeding**

Plaintiff argues that he has a valid claim for malicious prosecution because the Government initiated a criminal proceeding against him that was later dismissed. Plaintiff has satisfied those elements of his claim, but fails to satisfy the other elements of this claim that there was no probable cause when the claim was brought and that the Government had actual malice when brining the claim.  For those reasons, Defendants' motion for summary judgment to dismiss the malicious prosecution claim is granted.

Under New York law, the elements of a claim for malicious prosecution are:  "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997).

9

Defendants concede the first two elements of this claim, but argue that they had probable cause and there was no actual malice. As can be inferred from the elements of this claim, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello v. City of New York*, 612 F.3d 149, 161-162 (2d Cir. 2010). The same probable cause analysis from the false arrest and false imprisonment claims apply here.

There is further evidence bolstering the probable cause determination that the Court can consider for the malicious prosecution claim that took place after Plaintiff's arrest. The day after Plaintiff's arrest on February 28, 2013, the cashier from the Duane Reade store on the night of the attempted robbery participated in a line-up and identified Plaintiff as looking "very familiar," because "he looks like the one that was holding the gun." Oliner Decl., Ex. M at DEF 4, 6, 8; Ex. O at ¶ 13. Plaintiff argues that the cashier did not identify Plaintiff with absolute certainty only stating that Plaintiff "resembles the one that was holding the gun." Oliner Decl., Ex. M at DEF 6. However, there is no doubt that this identification out of a line-up of five people bolstered the Government's probable cause determination.

10

Defendants' motion for summary judgment is granted with respect to Plaintiff's malicious prosecution claim because there was probable cause to bring the criminal action and the Plaintiff has introduced no evidence regarding actual malice.

Plaintiff also asserted municipal liability against the City under a *Monell* theory. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 690-91 (1978). However, there is no basis for a claim of municipal liability when the Plaintiff fails to establish a violation of his constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Accordingly, those claims are also dismissed.

Finally, Defendants moved for summary judgment on Plaintiff's corresponding state law claims. There is no supplemental jurisdiction over state law claims because Defendant's summary judgment motion with respect to the federal civil rights claims is granted. However, the Court makes no determination on the merits regarding any of those state law claims beyond false arrest, false imprisonment, and malicious prosecution. Therefore, the action is dismissed in its entirety.

11

**Conclusion**

        Based upon the findings and conclusions set forth
above, Defendants' motion for summary judgment is granted.   The
Clerk of the Court is ordered to dismiss the case without leave
to renew.


        It is so ordered.


**New York, NY**
**February ⟩  , 2017**

                               **ROBERT W. SWEET**
                                    **U.S.D.J.**